IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RENSSELAER POLYTECHNIC
INSTITUTE, and DYNAMIC
ADVANCES, LLC,

        Plaintiffs,              Civil Action No.
                                          1:13-CV-0633 (DEP)

   v.

APPLE INC.,

        Defendant.

---

## PRETRIAL ORDER

The court having conducted a telephone conference on January 27, 2016, with counsel for the parties to this action, which is now trial-ready, it is hereby

ORDERED as follows:

(1)    This order supersedes the Uniform Pretrial Scheduling Order (Dkt. No. 45) issued in this action.

(2)    A jury trial in this action will be held, beginning on May 2, 2016, at the James M. Hanley Federal Courthouse in Syracuse, New York. In consultation with the parties, the court has allotted two weeks for completion of the trial, and has yet to determine whether time limits will be set in connection with the parties' presentations.

(3)    The parties are directed to confer and, on or before April 15,

2016, to file with the court a jointly agreed upon questionnaire to be completed by prospective jurors for use in connection with voir dire.

(4)   The parties are directed to confer and, on or before April 15, 2016, to jointly submit to the court a statement of the case to be read to prospective jurors at the beginning of jury selection. The joint statement should be accompanied by a list of all parties, all attorneys who will appear at trial, and all witnesses who will or may be called to testify at trial.

(5)   In preparation for trial, the parties shall jointly prepare nine notebooks to be provided to jurors for use in the case. The notebooks should include a cover containing the caption of the case, and should be subdivided into the following sections:

    (a)   A list of the parties, all attorneys who will appear at trial, and all witnesses who will or may be called to testify at trial (to be supplied by the parties);

    (b)   Patent No. 7,177,798 (to be supplied by the parties);

    (c)   A glossary of relevant terms, to include both the court's claim constructions and the parties' agreed upon definition of claim terms, as well as any other terms the parties believe should be defined in order to assist jurors in understanding the case;

  (d) Preliminary jury instructions (to be provided by the court)

  (e) Closing jury instructions (to be provided by the court); and

  (f) A section for juror notes (to be comprised of blank sheets of lined paper).

(6) On or before April 15, 2016, the parties shall file a joint pretrial stipulation containing the following information:

  (a) All facts to which the parties will stipulate at trial;

  (b) A list of asserted patent claims;

  (c) A list of all prior art to be relied upon by defendant in support of any invalidity defense;

  (d) An indication of all grounds of invalidity to be asserted by defendant at trial under 35 U.S.C. § 112;

  (e) An indication of any equitable claims to be tried to the court;

  (f) A statement advising whether the plaintiffs intend to rely at trial on the doctrine of equivalents to establish infringement with respect to any claim; and

  (g) A statement regarding whether the plaintiffs intend to assert indirect infringement at trial, and if so, under what

theory (*i.e.*, contributory infringement and/or inducement).

(7) On or before April 15, 2016, the parties shall submit a list of witnesses that they will or may call to testify at trial, and, for each witness, must specify whether

    (a) the witness is expected to testify live or by deposition;

    (b) the witness will provide factual or expert testimony;

    (c) any objections have been made to the witness being called to testify; and

    (d) either party will request that the courtroom be closed during all or portions of the witness's testimony.

(8) On or before April 15, 2016, each party shall submit a list of exhibits that it may seek to offer into evidence at trial. For each exhibit, the proffering party shall indicate whether the exhibit will be stipulated into evidence, and list any known objections to its admission.

(9) On or before April 1, 2016, the parties shall file any motions *in limine* that must be addressed by the court prior to commencement of trial. Opposition to those motions *in limine* must be filed on or before April 15,

2016. No replies in connection with the motions *in limine* will be permitted absent express prior permission from the court.

(10) On April 28, 2016, at 10:00 a.m. in Syracuse, New York, the court will hold a final pretrial conference to address the motions *in limine* and discuss its procedures and expectations concerning the trial.

(11) On or before April 15, 2016, after conferring, the parties shall jointly file proposed jury instructions, subdivided into three sections, including

    (a) Jury instructions upon which the parties agree;

    (b) Plaintiffs' proposed jury instructions on matters where no agreement is reached; and

    (c) Defendant's proposed jury instructions on matters where no agreement is reached.

(12) On or before April 15, 2016, after conferring, the parties shall jointly file a proposed jury verdict form, either on agreement or including plaintiffs' and defendant's respective proposed jury verdict forms.

(13) On or before April 15, 2016, after first exchanging such information, the parties shall separately file with the court a designation of all deposition testimony to be introduced at trial for purposes other than impeachment. Thereafter, on or before April 22, 2016, the parties shall

5

separately file with the court a list of objections to the adverse party's designations and/or a list of additional deposition testimony to be offered in response to the opposing parties' disclosed deposition excerpts, again with an indication of any objections that must be resolved by the court prior to introduction of the evidence at trial.

(14)   At the beginning of the trial, counsel for the parties shall submit copies of all exhibits to be marked in evidence at trial, assembled in binders, with each document properly marked in accordance with the court's local rules. Plaintiffs' exhibits should be sequentially marked beginning with P-1, and defendant's exhibits should be sequentially marked beginning with D-1.

(15)   Any party that intends to use courtroom electronics during the trial must notify Courtroom Deputy Shelly Muller at least one week prior to trial to schedule a time to test the equipment.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:     February 3, 2016
           Syracuse, NY