**Fenwick**
**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

April 8, 2016

TODD R. GREGORIAN                                                      EMAIL TGREGORIAN@FENWICK.COM
                                                                       Direct Dial (415) 875-2402

**VIA ELECTRONIC FILING**

Hon. David E. Peebles
U.S. Magistrate Judge
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
100 South Clinton Street
Syracuse, NY  13261-7345

      Re:    *Rensselaer Polytechnic Institute*, *et al. v. Apple Inc.*
           (N.D.N.Y. Case No. 1:13-CV-00633-DEP)

Dear Judge Peebles:

      Defendant Apple requests the Court preclude Plaintiffs from calling a surprise witness at trial. Erich Spangenberg is an attorney and the CEO of IP Navigation Group, LLC. Mr. Spangenberg contacted Apple on behalf of Dynamic Advances to engage in licensing discussions for the '798 patent before litigation was filed. He also appears to have been involved in negotiations with Rensselaer Polytechnic with respect to the assignment of rights in the patent asserted in this case to Dynamic Advances. Despite this involvement, Plaintiffs did not identify Mr. Spangenberg as a witness in their initial disclosures. Nor did they identify him in the subsequent supplemental disclosures they served over the course of three years. Instead, Plaintiffs prevented Apple from taking discovery about Mr. Spangenberg by claiming privilege over his communications with the witnesses Apple deposed.

      Plaintiffs have now disclosed they intend to call Mr. Spangenberg at trial as part of their case in chief. **Ex. A** (3/23/16 Witness List). The Court should not allow them to do so. Plaintiffs not only failed to disclose him under FRCP 26 during the discovery period as a witness or the subjects of his testimony for Plaintiffs' case, but affirmatively prevented Apple from getting discovery about him using privilege objections. Given these tactics, Apple had no expectation that Mr. Spangenberg would appear to give evidence in the case. Allowing him to now take the stand to ambush Apple at trial would prejudice Apple.

      Apple reached out to Plaintiffs after receiving the witness list to meet and confer on this issue, requesting Plaintiffs identify the subject matter of Mr. Spangenberg's testimony and the reason he had not been disclosed previously. **Ex. B.** (3/25/16 Gregorian email to Mortara). Apple followed up three days later to request a telephone conference. *See id.* Plaintiffs did not

respond to either of these requests, except to note language in their Rule 26 disclosures incorporating by reference any individual disclosed by Apple.  *See id.*  Plaintiffs also requested that Apple make two witnesses available for depositions—witnesses that were properly disclosed but whose depositions Plaintiffs elected not to take during fact discovery.  *See id.*  Plaintiffs suggested they would make Mr. Spangenberg available for a deposition if Apple would agree, but confirmed that they intended to call Mr. Spangenberg at trial regardless.  *See id.*

1. **Plaintiffs Never Disclosed Mr. Spangenberg as a Potential Witness in Support of Their Case-in-Chief.**

By failing to disclose Mr. Spangenberg, Plaintiffs are barred from presenting his testimony at trial.  Fed. R. Civ. P. 37(c)(1); *Patterson v. Balsamico*, 440 F.3d 104, 117-118 (2d Cir. 2006).  Plaintiffs served three sets of Rule 26(a)(1) initial disclosures in the case, identifying more than thirty individuals "likely to have discoverable information that Plaintiffs may use to support their claims or defenses."  **Exs. C-E**.  No version of these disclosures identified Mr. Spangenberg as a potential witness in support of Plaintiffs' claims.

Because he had contacted Apple about licensing the '798 patent, Apple identified Mr. Spangenberg in its own disclosures.  Plaintiffs now contend that Apple's disclosure was sufficient for Plaintiffs to now call him as a witness in support of their claims, because they included boilerplate language incorporating Apple's initial disclosures into their own.  *See* **Ex. E** at 10.  This is incorrect.  Rule 26 requires disclosure of:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . .

Fed. R. Civ. P. 26(a)(1)(A)(i).  A generic incorporation by reference of the opposing party's disclosures does not comply with Rule 26(a)(1).  *See Andrews v. CBOCS W., Inc.*, No. 09-CV-1025-WDS-SCW, 2011 WL 722606, at *2 (S.D. Ill. Feb. 23, 2011).  In particular, it fails to identify the subject of the witness's testimony or information the disclosing party may use to support its claims as the rule requires.  *See id.*  That Apple disclosed Mr. Spangenberg as a person with knowledge about commercialization and licensing of the '798 patent, that Apple may use to support its defenses, provides no disclosure of what information Plaintiffs may use to support their own claims.  Further, Apple's general awareness of Mr. Spangenberg's involvement did not put Apple on notice that *Plaintiffs* intended to call Mr. Spangenberg as a witness at trial.  *See id.*; *see also Kullman v. New York*, No. 07-CV-716(GLS/DRH), 2009 WL 1562840, at *8 (N.D.N.Y. May 20, 2009) (defendants' knowledge of the existence of a witness did not excuse plaintiffs' failure to disclose the witness in Rule 26(a)(1) initial disclosures).  Accordingly, Plaintiffs' disclosure was inadequate and they cannot rely on Mr. Spangenberg at trial.

2.  **Plaintiffs Prevented Apple From Taking Discovery Regarding Mr. Spangenberg's Role in the Litigation.**

As a further reason he should not be permitted to testify, Plaintiffs prevented Apple from taking discovery related to Mr. Spangenberg's involvement in this case. During three different depositions of Plaintiffs' witnesses, Plaintiffs objected to Apple's questions regarding Mr. Spangenberg on the basis of a purported common-interest privilege.[1] For example, during the deposition of Cheng Hsu, a named inventor on the asserted patent, Plaintiffs prevented inquiry into Mr. Hsu's conversations with Mr. Spangenberg:

> Q. What did you discuss during that time?
>
> MR. SKIERMONT: I'm going to object and instruct the witness not to answer on the basis of common interest privilege.
>
> Q. It was just you and Mr. Spendenburgh [sic] on the phone call?
>
> A. Yes.

*See* **Ex. G** (Hsu Dep. Tr.) at 206:23-207:5. Plaintiffs raised similar objections in the deposition of Audrey Spangenberg:

> A. It might have been Diedre and Erich Spangenberg from IP Nav.
>
> Q. And what was the purpose of the call?
>
> MR. TILLER: Is it – I'll instruct you not to disclose privileged information . . . .
>
> ***
>
> Q. And your conversation with Erich Spangenberg, was that an in-person meeting?
>
> A. Yes.
>
> Q. And was anybody else present?
>
> A. I believe Diedre was present.
>
> Q. And what did you discuss?

---

[1] Plaintiffs attempted to justify this claim based on a shared "financial interest in [] licensing or enforcement proceeds" of the asserted patent. *See* **Ex. F** (Feb. 28, 2014 Ltr from Gasser to Ware) at 3-4.

> MR. TILLER: I'll counsel you not to disclose any protected privileged information, and if you want to talk about it –

See **Ex. H** (Audrey Spangenberg Dep. Tr.) at 35:23-36:3, 37:22-38:6.  Dynamic Advances also offered Liz Wiley, a hired attorney, as its 30(b)(6) deponent.  Much of her testimony appeared to be based on information Mr. Spangenberg had dictated to her.  However Plaintiffs shielded her communications with him:

> Q. What did Erich Spangenberg tell you about the interactions between Dynamic Advances and RPI?
>
> MR. TILLER: Object to the form. And I'll object on the grounds of privilege and instruct you not to answer, unless you can answer without disclosing discussions about legal strategy or legal advice.  And if you'd like to talk about it –

***

> Q.  What else did Erich Spangenberg say to you about interactions with RPI, either from IPNav or Dynamic Advances?
>
> MR. TILLER: And I'll object to the form.  And again object on grounds privilege and allow you to answer only to the extent you can answer without disclosing discussions about litigation strategy or legal advice. And if you would like to talk first, we can do that.

***

> Q. Let's go back to your conversations with Erich Spangenberg.  Other than what's reflected here on page 13 of Exhibit 3, Did Mr. Spangenberg tell you anything else about IPNav's or DA's interactions with RPI?
>
> A. Oh, yeah.
>
> MR. TILLER: I'll object to the form. And again, I'll object on grounds of privilege and allow you to answer to the extent you do not disclose any discussions about litigation strategy or legal advice.

***

> Q. Specific to interactions between Dynamic Advances and/or IPNav with RPI, what else did Erich Spangenberg tell you?
>
> MR. TILLER: I'll again object to the form of the question and reiterate my objection on grounds of privilege and my instruction.

***

> Q. What did Erich Spangenberg tell you about the agreement between the Marathon Patent Group and TechDev and the Spangenberg Family Foundation, with respect to Dynamic Advances?
>
> MR. TILLER: I'll object to the form and object on grounds of privilege. And allow you to answer to the extent you don't disclose discussions about litigation strategy or legal advice. If you would like to discuss your answer first, we can do that.
>
> \*\*\*
>
> Q. Yeah. What – what did Erich Spangenberg tell you about the – the Dynamic Advances deal between TechDev and the Spangenberg Family Foundation and the Marathon Patent Group?
>
> MR. TILLER: Same objection. Same instruction.

**Ex. I** (Wiley Dep. Tr.) at 60:3-9, 61:24-62:7, 67:20-68:3, 69:22-70:2; 70:7-15; 70:19-24. In most of these instances, after receiving counsel's instruction regarding privilege, the witness would claim they had no non-privileged information. Plaintiffs also withheld email communications involving Mr. Spangenberg and IPNav on the same basis, including emails regarding potential infringers and other licensing and enforcement efforts. *See, e.g.*, **Ex. J** (Exhibit 1 to Plaintiffs' Rensselaer Polytechnic Institute's and Dynamic Advances, LLC's Privilege Log dated November 5, 2014) at, *e.g.*, 68, 104.

Having hidden Mr. Spangenberg's interactions with the witnesses behind privilege, Plaintiffs should not be permitted to call him. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("the attorney-client privilege cannot at once be used as a shield and a sword"); *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 415 (D. Del. 1992) ("If the party fails to allow pre-trial discovery of a confidential matter, the party will be precluded from introducing that evidence.")

Plaintiffs have offered Mr. Spangenberg for deposition, but only if Apple agrees to depositions for at least *two* other witnesses that were timely identified in Apple's initial disclosures, but who Plaintiffs simply chose not to depose during the discovery period. **Ex. B** (Mar. 28, 2016 Email from Mortara to Gregorian). Leaving the asymmetry of this offer aside, a single deposition of Mr. Spangenberg would not cure the prejudice to Apple, as Apple was prevented from obtaining documents and eliciting information from other witnesses about Mr. Spangenberg that might rebut his testimony or that Apple could have otherwise used to impeach or cross-examine Mr. Spangenberg on the stand.

The Court has already advised the parties that it will not tolerate trial-by-ambush. Dkt. No. 323 [4/6/16 Minute Order]. Here, Plaintiffs did not provide Apple notice that they would use Mr. Spangenberg as a witness or disclose the subject matter of his anticipated testimony, and, in fact, prevented Apple from taking discovery relevant to that anticipated testimony. This

Hon. David E. Peebles
April 8, 2016
Page 6

violates the Federal Rules and this Court's pretrial procedures.  Accordingly, Apple respectfully requests that the Court preclude Plaintiffs from calling Erich Spangenberg as a witness at trial.

                Sincerely,
                FENWICK & WEST LLP

                *s/ Todd R. Gregorian*

                Todd R. Gregorian

TRG:se

cc:    All Counsel of Record (*via email and CM/ECF*)