UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENSSELAER POLYTECHNIC INSTITUTE and DYNAMIC ADVANCES, LLC,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　Defendant. | Case No. 1:13-cv-00633 (DEP)<br><br>**JURY TRIAL DEMANDED** |

### [PROPOSED] JOINT PRETRIAL STIPULATION

Pursuant to paragraph (6) of the Court's February 3, 2016 Pretrial Order (Dkt. No. 275), Plaintiffs Dynamic Advances and Rensselaer Polytechnic Institute ("Plaintiffs") and Defendant Apple Inc. ("Apple") respectfully submit this Joint Pretrial Stipulation.

**(A)　ALL FACTS TO WHICH THE PARTIES WILL STIPULATE AT TRIAL**

　　1.　Plaintiff Rensselaer Polytechnic Institute ("RPI") is a university with a campus located at 100 Eighth St., Troy, Rensselaer County, New York 12180.

　　2.　Plaintiff Dynamic Advances, LLC is a Texas limited liability company with a place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

　　3.　Defendant Apple Inc. is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

　　4.　The U.S. Patent and Trademark Office issued U.S. Patent No. 7,177,798 ('798 patent) on February 13, 2007.

　　5.　The '798 patent identifies Cheng Hsu and Veera Boonjing as inventors, and identifies Plaintiff RPI as the '798 patent's assignee.

　　6.　The '798 patent issued directly from U.S. Patent Application No. 09/861,860 filed

May 21, 2001.

7. Inventors Cheng Hsu and Veera Boonjing executed an assignment to RPI as to "the entire right, title and interest for the United States and all foreign countries, in and to any and all inventions which are disclosed in the application for United States Letters Patent filed in the United States Patent and Trademark Office on May 21, 2001 under Serial No. 09/861,860." (*See* DA 0002025-26).

8. The assignment from named inventors Hsu and Boonjing to RPI was filed with the U.S. Patent and Trademark Office and recorded at Reel: 012195 Frame: 0214. (*Id., see also* DA 0002024).

9. The specification of the '798 patent claims the benefit under U.S. provisional patent application 60/205,725, filed May 19, 2000, entitled "SEARCH AND LEARN: A NEW APPROACH TO NATURAL LANGUAGE USER INTERFACE FOR ENTERPRISE DATABASES," and non-provisional patent application Ser. No. 09/544,676, filed Apr. 7, 2000, entitled "SYSTEM AND METHOD FOR ACCESSING PERSONAL INFORMATION." (*See*, e.g., '798 Patent col. 1 lines 7-15, and DA 0000045).

10. The priority date of the U.S. Patent No. 7,177,798 is April 7, 2000, the filing date of U.S. Patent Application No. 09/544,676.

11. U.S. Patent No. 6,144,989, "Adaptive Agent-Oriented Software Architecture" issued from a patent application filed on October 30, 1998.

12. U.S. Patent No. 6,990,670, "Interpretation Phase for Adaptive Agent Oriented Software Architecture" issued from an application filed on November 5, 1999.

**(B)     LIST OF ASSERTED PATENT CLAIMS**

Plaintiffs intend to assert the following claims of U.S. Patent No. 7,177,798 at trial:

Claims 1, 4, 6, 9, 14, 16.

## (C)  LIST OF REFERENCES TO BE RELIED UPON BY DEFENDANT IN SUPPORT OF ANY INVALIDITY DEFENSE[1]

| Short Name | References<br>(for claims 1, 4, 6, 9, 14, and 16) |
|---|---|
| Meng | • The Meng system (also referred to as Paraclete)<br>• Frank Meng and Wesley W. Chu, "Database Query Formation from Natural Language using Semantic Modeling and Statistical Keyword Meaning Disambiguation"<br>• Frank Meng, "Formation of Queries from Natural Language using a Semantic Model and Statistical Approaches"[2] |
| Janas | • "The Semantics-Based Natural Language Interface to Relational Databases," by Jürgen M. Janas |
| Q&A | • The Symantec Q&A system<br>• Symantec, *Symantec Q&A, the Convenient Database With Word Processing for DOS, User Guide, Version 5 (DOS)*<br>• *Related software*: Q&A v.4 and 5 (DTX0812 [APLDA_PA00019098-99] and DTX813 [APLDA_PA00019878, -80]) and DTX572 |
| OAA | • The OAA system.<br>• David Martin, "Information Brokering in an Agent Architecture"<br>• David Martin, "The Open Agent Architecture: A Framework for Building Distributed Software Systems"<br>• David Martin, "PAAM '98 Tutorial: Building and Using Practical Agent Applications"<br>• SRI, "OAA-Based Applications," available at http://www.ai.sri.com/~oaa/applications.html |

---

[1] This list does not prejudice, waive, or preclude Plaintiffs' rights or abilities to raise any factual, legal, or evidentiary challenges against these references, including whether these references constitute prior art for purposes of invalidity.

[2] Plaintiffs have moved *in limine* to strike this reference. This reference is included in the pretrial stipulation without prejudice to Plaintiffs' motion.

3

|  | • Adam Cheyer, "Adam Cheyer – OfficeMATE Demo," available at http://www.adam.cheyer.com/demo-officemate.html |
|---|---|
|  | • Open Agent Architecture source code (DTX791) |
| Dejima | • The Dejima system (also referred to as AAOSA) |
|  | • U.S. Patent No. 6,144,989, "Adaptive Agent-Oriented Software Architecture" (including 60/089,394 as incorporated by reference) |
|  | • U.S. Patent No. 6,990,670, "Interpretation Phase for Adaptive Agent Oriented Software Architecture" (including 60/163,859 as incorporated by reference) |
|  | • Babak Hodjat, Christopher J. Savoie, and Makoto Amamiya, "An Adaptive Agent Oriented Software Architecture" |

**(D)  INDICATION OF ALL GROUNDS OF INVALIDITY TO BE ASSERTED BY DEFENDANT AT TRIAL UNDER 35 U.S.C. § 112**

Apple does not intend to assert at trial that the '798 patent is invalid under 35 U.S.C. § 112.

**(E)  INDICATION OF ANY EQUITABLE CLAIMS TO BE TRIED TO THE COURT**

None.

**(F)  STATEMENT ADVISING WHETHER THE PLAINTIFFS INTEND TO RELY AT TRIAL ON THE DOCTRINE OF EQUIVALENTS TO ESTABLISH INFRINGEMENT WITH RESPECT TO ANY CLAIM**

This issue is the subject of a stipulation the parties have filed with the Court.  Dkt. No. 287.

**(G)  STATEMENT REGARDING WHETHER THE PLAINTIFFS INTEND TO ASSERT INDIRECT INFRINGEMENT AT TRIAL, AND IF SO, UNDER WHAT THEORY (*i.e.*, CONTRIBUTORY INFRINGEMENT AND/OR INDUCEMENT)**

Plaintiffs do not intend to assert indirect infringement at trial, but reserve their right to do

so for each of the asserted claims with respect to any claim construction the Court adds or alters.

**(H)     THE PARTIES' AGREEMENT REGARDING PRE-TRIAL DISCLOSURE OF DEMONSTRATIVES, EXHIBITS, AND WITNESSES**

The parties jointly agree to the following procedures for trial:

1.      The parties shall disclose the intended order and identity of any witnesses they intend to call live by 7 p.m. two (2) days before calling those witnesses. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7 p.m. on the previous Monday.

2.      For any witnesses whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played or read to the jury and the proposed exhibits used in these designations by 7:00 p.m. two (2) days before the designations are to be played or read to the jury. In other words, if deposition testimony is intended to be played on Wednesday, the corresponding deposition designations and exhibits must be provided by 7 pm on the previous Monday. Any objections and counter-designations shall be provided by 10:00 a.m. the following morning. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections, and provide a final version of the video to the other party by 7:00 p.m. the day before it is to be shown to the jury or state in writing that the deposition testimony will be instead read into the record. The parties shall meet and confer in an attempt to resolve any additional objections to the deposition testimony at 10:00 p.m. If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the testimony is to be presented to the jury.

3.      The parties shall exchange copies of all documentary, graphic, slide, animation,

and any other form of demonstratives they plan to use at trial during direct examination, but not for cross-examinations, by 7:00 p.m. the day before their anticipated use.  Any objections to the demonstratives shall be provided by 9:00 p.m.  The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the demonstrative at 9:30 p.m.  Magnification or highlighting of portions of admitted testimony, admitted exhibits or exhibits with no pending objections are not demonstratives and are not subject to this provision.

      4.      Any demonstratives to be used during opening statements are to be exchanged by 4 p.m. the day before the opening statements.  Any objections to those demonstratives must be provided by 6 p.m. the same day the demonstratives are received (the day before the opening statements).  The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to these demonstrative at 8:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the demonstratives are to be presented to the jury.  Magnification or highlighting of portions of admitted testimony, admitted exhibits or exhibits with no pending objections are not demonstratives and are not subject to this provision.

      5.      The parties shall make available for inspection all non-documentary demonstratives (*e.g.*, poster boards) or live product demonstrations, such as physical exhibit-its, physical prior art, or physical products, they plan to use at trial during direct examination, but not for cross-examination, by 7 p.m. one day before their intended use.  Any objections to those non-documentary demonstratives and live product demonstrations shall be provided by 9 p.m. the day before their intended use.  The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to these demonstratives at 10:00 p.m.  Deposition testimony displayed or played by video during an opening statement is treated as a demonstrative and the

procedure for disclosing and objecting to demonstratives in this paragraph apply.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the demonstratives are to be presented to the jury.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

6. If a party provides a binder of exhibits to a witness prior to examination, that party will provide at least one copy of the binder to the other party.

7. The parties shall provide notice to the other side by no later than 7:00 pm the day before they intend to rest their case-in-chief.

8. The parties request, pursuant to Fed. R. Evid. 615, that the Court prevent fact witnesses from hearing the testimony of other witnesses prior to giving their own testimony.  The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to a party's corporate representative.  The parties further request that expert witnesses not be excluded for either fact or expert testimony, or for opening or closing statements.

9. The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

10. Any document that on its face appears to (1) have been authored or prepared by an employee, officer, or agent of a party; (2) was produced from the files of a party shall be deemed prima facie authentic under F.R.E. 901, subject to the right of the party against whom such a document is offered to introduce evidence to the contrary.  The parties reserve the right to add additional deposition designations to establish the foundation and authenticity of an exhibit to the extent the admissibility of a particular document is challenged.

11. Legible or better quality copies may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections which might be made to the admissibility of such originals, and subject to the right of the party against whom they are offered to inspect an original upon request.

12. The parties agree that written interrogatories and written responses to requests for admission shall be treated as party admissions, whether or not the answers were signed or verified by the party making them.

13. The most recent available version of the Federal Judicial Center's video regarding the basics of the patent process will be presented to the jury as part of preliminary instructions.

**(I)** **DISPUTED PROVISIONS REGARDING PRE-TRIAL DISCLOSURE OF DEMONSTRATIVES, EXHIBITS, AND WITNESSES**

**1. Disclosure of witnesses and exhibits.**

    **a.** **Plaintiffs' Proposal**: The parties shall disclose the proposed exhibits to be used with the witnesses by 7:00 p.m. the night before the witness is to be called. Any objections to the exhibits shall be provided by 9:00 p.m. the day before their anticipated use. The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits no later than 9:30 p.m. If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the exhibits are to be used in front of the jury. The parties are not required to identify the portions of any exhibit that they intend to magnify or highlight during examination.

    **b.** **Defendant's Proposal:** The parties shall disclose the proposed exhibits to be used with the witnesses by 7:00 p.m. two days before the witness is to be called. Any objections to the exhibits shall be provided by 8:00 p.m. the day before their anticipated use.

The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits no later than 9:30 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the exhibits are to be used in front of the jury.  The parties are not required to identify the portions of any exhibit that they intend to magnify or highlight during examination.

    **2. Exchange of closing demonstratives.**

        a.    **Plaintiffs' Proposal:**  No exchange.

        b.    **Defendant's Proposal:**  Any demonstratives to be used during closing statements are to be exchanged by 7:00 p.m. the day before the closing statements.  Any objections to those demonstratives must be provided by 9:00 p.m. the same day the demonstratives are received (the day before the closing statements).  The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to these demonstrative at 9:30 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the demonstratives are to be presented to the jury.

**(J)    THE PARTIES' AGREEMENT REGARDING SEALING THE COURTROOM**

    1.    Apple shall notify the Court of any request to seal the courtroom for trial at the outset of the day of anticipated use or presentation of arguments, testimony, exhibits or demonstratives containing confidential information.  Plaintiffs will not request to seal the courtroom.

| | |
|---|---|
| Dated: April 15, 2016 | Respectfully submitted, |

/s/ *Paul J. Skiermont*
Paul J. Skiermont (107001)
Alexander E. Gasser (603023)
Shellie Stephens (107164)
SKIERMONT DERBY LLP
2200 Ross Avenue, Suite 4800W
Dallas, TX 75201
(214) 978-6600 (telephone)
(214) 978-6601 (facsimile)
pskiermont@skiermontderby.com
agasser@skiermontderby.com
sstephens@skiermontderby.com

Adam K. Mortara
Benjamin J. Whiting
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400 (telephone)
(312) 494-4440 (facsimile)
adam.mortara@bartlit-beck.com
benjamin.whiting@bartlit-beck.com

John M. Hughes
Abigail M. Hinchcliff
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
1899 Wynkoop Street, Suite 800
Denver, CO 80202
(303) 592-3100 (telephone)
(303) 592-3140 (facsimile)
john.hughes@bartlit-beck.com
abigail.hinchcliff@bartlit-beck.com

*Counsel for Plaintiffs*
*Rensselaer Polytechnic Institute and*
*Dynamic Advances, LLC*

FENWICK & WEST LLP
SKIERMONT DERBY LLP


By:  /s/ *Todd R. Gregorian*
Todd R. Gregorian
J. David Hadden
Carolyn Chang
Hector Ribera
Jeffrey A. Ware
William A. Moseley, Jr.
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   (415) 875-2300
Fax:             (415) 281-1350
dhadden@fenwick.com
cchang@fenwick.com
hribera@fenwick.com
jware@fenwick.com
wmoseley@fenwick.com

MENTER, RUDIN & TRIVELPIECE, P.C.

Mitchell J. Katz
308 Maltbie Street, Suite 200
Syracuse, NY  13204-1498
Tel:  (315) 474-7541
Fax:  (315) 474-4040
mkatz@menterlaw.com

Attorneys for Defendant
APPLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2016, I caused copies of **[PROPOSED] JOINT PRETRIAL STIPULATION** to be served in the manner indicated to:

<u>**VIA E-MAIL**</u>

**Paul J. Skiermont**
**Alexander E. Gasser**
**Shellie Stephens**
**SKIERMONT DERBY LLP**
2200 Ross Avenue, Suite 4800W
Dallas, TX 75201
(214) 978-6600
pskiermont@skiermontderby.com
agasser@skiermontderby.com
sstephens@skiermontderby.com

*Attorneys for Plaintiffs*
*Rensselaer Polytechnic Institute and*
*Dynamic Advances, LLC*

**Nicholas Mesiti**
**HESLIN ROTHENBERG FARLEY & MESITI**
5 Columbia Circle
Albany, NY 12203
nm@hrfmlaw.com

*Attorneys for Plaintiff*
*Rensselaer Polytechnic Institute*

<u>**VIA E-MAIL**</u>

**James R. Muldoon**
**HARRIS, BEACH PLLC**
333 West Washington Street, Suite 200
Syracuse, NY 13202
(315) 423-7100
jmuldoon@harrisbeach.com

**Steven P. Nonkes**
**HARRIS, BEACH PLLC**
99 Garnsey Road
Pittsford, NY 14534
(585) 419-8800
snonkes@harrisbeach.com

**Adam K. Mortara**
**Benjamin J. Whiting**
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 West Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.mortara@bartlit-beck.com
benjamin.whiting@bartlit-beck.com

**John M. Hughes**
**Abigail M. Hinchcliff**
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
(303) 592-3100
john.hughes@bartlit-beck.com
abigail.hinchcliff@bartlit-beck.com

*Attorneys for Plaintiff*
*Dynamic Advances, LLC*

*/s/ John M. Hughes*
John M. Hughes